# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Tony Dejuan Jackson et al.,            Case No. 17-cv-00880(WMW/TNL)
        Plaintiffs,

v.

Mark Dayton, Governor et al.,
        Defendants.

### Memorandum of Law

**(x) In Support of     or     () In Opposition to**
(Check "In Support of" if you are filing the motion and "In Opposition to" if you are opposing
(Freedom of Expression Access to the Courts)

**Plaintiff Motion For Preliminary Injunction Pursuant to Federal Rules of Civil Procedure Rule 65(a)(1) Regarding Broadly Limiting & Completely Denying the Plaintiff & All Similarly Situated Prisoners at Stillwater & Rush City Correctional Facility Access to the Court for a Redress of Grievance Regarding: Conditions of Confinement, Cogitative Thinking Programs, Treatment Programs & Employees Assigned, Infrastructure Issues, Programming Space Issues and Prisoner Work Assignment &Compensation.**



I.  **INTRODUCTION**

*Procedural posture: The Plaintiff is requesting that The Court Issue a Preliminary Injunction Upon the State Defendants by holding that Minnesota State Law pursuant to Minn. Stat 244.03* broadly and completely denies the Plaintiff access to the courts, compromising recognized first Amendment Rights to Petition the Government for a redress of grievances Regarding the effects of the current Toxic Overcrowding & Double Bunking Conditions at Stillwater Correctional Facility, Rush City Correctional Facility and All Minnesota Correctional and Lock-up Facilities State Wide. Bounds v. Smith, 430 U.S. 817, 821, 828 (1977); Lewis v. Casey, 518 U.S. 343, (1996). The Commissioner Tom Roy has the sole responsibility to select, design, and implementation of programs under Minn. stat. 244.03 Rehabilitative Programs. The Thirteenth Amendment of the United States Constitution has an enforcement Clause, enabling Congress to pass all necessary legislation. Therefore Minn. stat. 244.03 (1996) irrelevant part: **"No Action Challenging the level of expenditures for programs authorized under this section, nor any action challenging the selection, design or implementation of these programs, may be maintained by an inmate in any court in this State." (This Statute 244.03 was also amended in 1999 after the Plaintiff started serving his Sentences.)** The 1999 Amendment reads as follows: **"The commissioner shall provide appropriate mental health programs and vocational and educational programs with employment-related goals for inmates. The selection, design and implementation of program under this section shall be the sole responsibility of the commissioner, acting within the limitations imposed by the funds appropriated for such programs." "No action challenging the level of expenditures for programs authorized under this section, nor any action challenging the selection, design or implementation of these programs, including employees assigned, may be maintained by an inmate in any court in this state." "The commissioner may impose disciplinary sanctions upon any inmate who refuses to participate in rehabilitative programs."** Has no force or effect when it comes to the practice by the Minnesota Department of Corrections of keeping prisoners in such a state of

bondage or servitude (Slavery) For Profit and not **"as a punishment for crime where of the party shall have been duly convicted."** A Facial Challenge to a legislative Act is, of Course, the most difficult challenge to mount successfully, since the Plaintiff must establish that no set of circumstances exists under which the Act would be Valid." United States v. Salerno, 481 U.S. 739, 745, 107 S.Ct. 2095, 95 L.Ed. 2d 697 (1987); See also Wash. State Grange v. Wash. State Republican Party, 552 U.S. 442, 449-50, 128 S.Ct. 1184, 170 L.Ed. 2d 151 (2008)(reaffirming the Salerno test outside the Context of certain First Amendment Challenges). TCF Nat'l Bank v. Bernanke, 643 F.3d 1158, 1163 (8th Cir. 2011). See also United States v. Stephens, 594 F.3d 1033, 1037 (8th Cir. 2010)(discussing facial and as-applied Challenges). In the first Amendment Context, and Facial challenges may be applied when there "is a realistic danger that the Statute itself will significantly Compromise recognized First Amendment Protections of parties not before the Court." Roach v. Stouffer, 560 F.3d 860, 870 N.5 (8th Cir. 2009). The Plaintiff Attacks Minn. Stat. 244.03 because the statute denies access to the courts, compromising recognized first Amendment Rights to Petition the Government for a redress of grievances. Bounds v. Smith, 430 U.S. 817, 821, 828 (1977); Lewis v. Casey, 518 U.S. 343, (1996). However Minnesota Statute 244.03 would prohibit the Plaintiff from challenging the MNDOC Defendants, MINNCOR Defendants and Private Business Contractors as Defendants where; **"No action challenging the level of expenditures for programs authorized under this section, nor any action challenging the selection, design or implementation of these programs, including employees assigned, may be maintained by an inmate in any court in this state."** Regarding the toxic **Conditions of Confinement, Cogitative Thinking Programs, Sex Offender Treatment Programs & Employees Assigned, Infrastructure Issues, Programming Space Issues and Prisoner Work Assignment & Compensation Issues.** The Commissioner Tom Roy has deliberately presented fraudulent information to the Public and the State Legislature regarding programs within the Department of corrections facilities that do not "Reduce Recidivism" nor "promotes offender Change through proven Strategies." Including None Existent, Appropriate and Effective Sex

3

Offender Treatment Programs. This Fraudulent Information was released in the Minnesota Department of Corrections Strategic Plan 2015 (Exhibit PA8-PA20). This also includes the Theft & Fraudulent use of funds appropriated for such programs. See Minnesota DOC Budget Fiscal Year 2016-2017 (Exhibit PA5-PA7). The Commissioner Tom Roy and the other Defendants (MNDOC Defendants, MINNCOR Defendants & MINNCOR Private Contractors, Private Kitchen Contractors & MN Department of Administration) that assist him in Committing the crimes of; Slavery, Extortion, Tax Fraud, Theft, Embezzlement, and Racketeering just to name a few Offenses, All regarding the Abuse & Misuse of Prisoners Labor for Profit & Lease to Private Business Contractors for Profit, Theft of Both Legislative Appropriated Funds and Federal Funds for Safety, Security, Rehabilitation, (Construction Projects that were never done at Stillwater Correctional Facility yet Legislative Funds were requested and received for such projects many years ago regarding the Kitchen & Dinning Hall Infrastructures and windows, Prisoner Living Cellblock Infrastructure and Plumbing, Showers and Windows) Educational, Vocational training, and Programs that supposedly reduces Recidivism, and Mental Health Programs and Staffing. None of the Legislative Appropriated Funds were used for the Welfare of the Prisoners at Stillwater Correctional Facility nor for the Construction Projects that the Appropriated funds were requested for regarding Stillwater Correctional Facility. Where did the Money Go? Also the Theft and misuse of the Prisoner Rape Elimination Act Funding (PREA) that was also not being used for the welfare of the Prisoners at Stillwater Correctional Facility & Rush City Correctional Facility. Also this Issue seems to be part of a Pattern of Behavior where the Past Minnesota Department of Corrections Commissioners Joan Fabian has also made request for funding (See Exhibit M-) to the State Legislature in February of 2009, yet where did the money Go?

      A regulation prohibiting a broad range of protected expression may be facially challenged as overbroad. The overbreadth doctrine enables litigants to Challenge a Statute not because their own rights of free expression are violated, but because of a judicial prediction or others not before the court

to refrain from Constitutionally protected speech or expression. Board of Airport Comm'rs v. Jews for Jesus, INC., 482 U.S.569, 574, 107 S.Ct. 2568, 96 L.Ed. 2d 500 (1987), quoting Brockett v. Spokane Arcades, INC., 472 U.S. 491, 503, 105 S.Ct. 2794, 86 L.Ed. 2d 394 (1985) Broadrick v. Oklahoma , 413 U.S.601, 613, 615, 93 S.Ct. 2908, 37 L.Ed. 2d 830 (1973). The Supremacy Clause of the United States Constitution (Article VI, Clause 2) establishes that the Constitution, Federal laws made pursuant to it and treaties made under its authority, Constitute the Supreme Law of the Land. It provides that state courts are bound by the Supreme Law; in Case of Conflict between Federal & State Law, the federal law must be applied. Even State Constitutions are Subordinate to federal law. In essence, it is a conflict-of-Laws rule specifying that certain national acts take Priority over any State acts that conflict with national law. In this respect, the Supremacy Clause follows the lead of Article XIII of the Articles of Confederation, which provided that **"Every State Shall Abide by the determination of the United States Congress Assembled, on all questions which by this Confederation are submitted to them."** A Constitutional provision announcing the Supremacy of federal authority, at least when that authority is expressed in the Constitution itself, such as Amendment XIII [1865] Section 1. No matter what the boundaries of the Constitution. This makes the Supremacy Clause the cornerstone of the whole American political structure.  As relevant , Section 1983 provides,

> **"Every person who, under color of any statute, ordinance, regulation , custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suite in equity, or other proper proceeding for redress..... 42 U.S.C. § 1983."**

Because the State of Minnesota has continued to fail to remedy the toxic Prison overcrowding issues for many years now as a result the Health & Safety of the Plaintiff & All Similarly situated Prisoners at Stillwater & other Minnesota Correctional Facilities has increasingly been jeopardized due no action on the part of the State of Minnesota Legislature to remedy the overcrowding situation which is one of the primary cause of the ongoing Constitutional

Violations. Therefore When a Law affects core First Amendment Speech and Freedom of Expression, a law's failure to provide fair notice of what constitutes a violation is a special concern because it inhibits the exercise of freedom of expression and inevitably leads citizens to steer far wider of the unlawful zone than it the boundaries of the forbidden areas were clearly marked. It is well established that, as a general rule, the Government "may not suppress lawful speech and Expression as the means to suppress unlawful speech." Ashcroft v. Free Speech Coalition, 535 U.S., at 255. Board of Airport Comm'rs v. Jews for Jesus, INC., 482 U.S.569, 574, 107 S.Ct. 2568, 96 L.Ed. 2d 500 (1987), quoting Brockett v. Spokane Arcades, INC., 472 U.S. 491, 503, 105 S.Ct. 2794, 86 L.Ed. 2d 394 (1985) Broadrick v. Oklahoma , 413 U.S.601, 613, 615, 93 S.Ct. 2908, 37 L.Ed. 2d 830 (1973). That is what the State Of Minnesota has done here. Therefore Minnesota Statute 244.03 must be held invalid & Unconstitutional.

Respectfully Submitted,

_____,
Tony Dejuan Jackson #197562
MCF Stillwater Prison
970 Pickett Street North
Bayport MN 55003

I (We) hereby certify under penalty of perjury that the above Motion is true to the best of my (our) information, Knowledge, and belief.

Signed this 28th day of December 2017, 2017

Signature(s) of Plaintiff(s) _____

6