UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Tony Dejuan Jackson, | Case No. 17-cv-0880 (WMW/TNL) |
| Plaintiff, | |
| v. | **ORDER ADOPTING REPORT AND RECOMMENDATION** |
| Mark Dayton et al., | |
| Defendants. | |

This matter is before the Court on the April 2, 2018 Report and Recommendation (R&R) of United States Magistrate Judge Tony N. Leung. (Dkt. 108.) Plaintiff Tony Dejuan Jackson commenced this action pursuant to Title 42, United States Code, Section 1983, alleging violations of his civil rights arising from mistreatment and overcrowding in prisons operated by the State of Minnesota. Jackson also filed numerous motions for injunctive and other relief. Multiple defendants move to dismiss. The R&R recommends granting the motions to dismiss, denying as moot Jackson's motions for injunctive and other relief, and dismissing with prejudice Jackson's complaint. Jackson filed timely objections to the R&R. Jackson thereafter filed three motions seeking leave to amend his complaint. For the following reasons, the Court overrules Jackson's objections, adopts the R&R, dismisses this action with prejudice, and denies as moot Jackson's motions.

# BACKGROUND[1]

Jackson commenced this lawsuit under Title 42, United States Code, Section 1983, alleging violations of his civil rights during his incarceration in prisons operated by the State of Minnesota.[2] Jackson thereafter filed a 163-page amended complaint, which alleges the following five violations of his civil rights: (1) unconstitutional conditions of confinement; (2) unlawful retaliation and mail tampering; (3) unfair wage practices; (4) occurrences of hate crimes, harassment, and false imprisonment; and (5) unlawful denial of Internet access. Jackson seeks injunctive relief, declaratory relief, $3.5 billion in compensatory damages, and punitive damages. Jackson subsequently filed additional motions to enjoin the conduct alleged in his amended complaint and for other relief related to this lawsuit.

The amended complaint names 52 defendants that can be categorized into three groups—state government officials and entities (state defendants), corporate entities, and non-governmental persons. Numerous defendants now move to dismiss Jackson's amended complaint on a variety of grounds.[3] The R&R recommends granting the pending motions to dismiss, denying as moot Jackson's motions for injunctive and other relief, and

---

[1] Because the R&R provides a detailed factual and procedural background, the Court only briefly summarizes this litigation.

[2] The Court previously denied Jackson's motion to certify his complaint as a class action and to appoint class counsel.

[3] The state defendants, Plastech Corporation, Walmart Corporation, 3M Corporation, and A'Vianvs Food Service all filed separate motions to dismiss Jackson's amended complaint on numerous grounds.

dismissing with prejudice Jackson's amended complaint. Jackson filed timely objections to the R&R, and he subsequently filed three additional motions seeking leave to further amend his complaint.

## ANALYSIS

The R&R recommends dismissing with prejudice Jackson's amended complaint because it fails to comply with Rule 8, Fed. R. Civ. P., which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Jackson's amended complaint, according to the R&R, "entangl[es] 52 defendants in a prolix complaint of obfuscatory allegations." Jackson objects, arguing that the amended complaint states claims for relief under "the controlling statutes regarding the Claims at issue." The Court reviews Jackson's objection de novo. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); LR 72.2(b)(3); *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003).

Every complaint in a civil action must set forth a short and plain statement showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). A complaint must allege sufficient facts such that, when accepted as true, a facially plausible claim for relief is stated. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Factual allegations must be sufficient to "raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). This standard demands more than unadorned accusations. *Iqbal*, 556 U.S. at 678. "A complaint which lumps all defendants together and does not sufficiently allege who did what to whom, fails to state a claim for relief because it does not provide fair notice of the

3

grounds for the claims made against a particular defendant." *Tatone v. SunTrust Mortg., Inc.*, 857 F. Supp. 2d 821, 831 (D. Minn. 2012) (applying Rule 8 of the Federal Rules of Civil Procedure).

Jackson's amended complaint alleges purported violations of his civil rights arising from his incarceration in prisons that are operated by the State of Minnesota. Jackson's amended complaint spans 163 pages and names 52 defendants. Despite admonitions to avoid duplication, Jackson repeats verbatim—no less than 14 times throughout the amended complaint—the general allegations about his conditions of confinement. Although the amended complaint cites a variety of constitutional and statutory provisions, Jackson does not clearly allege which provisions pertain to the actions of each defendant. *See Liggins v. Morris*, 749 F. Supp. 967, 971 (D. Minn. 1990) (observing that complaint was inadequate under Rule 8 because it "left to the court to divine what discrete constitutional violations are in fact legitimate and proper . . . as against each defendant"). In fact, Jackson does not clearly attribute *any* specific allegations to 31 of the 52 named defendants. These pleading failures require the defendants to speculate about what role (if any) a certain defendant allegedly had in causing a purported violation of Jackson's civil rights.

Put simply, Jackson's allegations are neither short nor plain. *See* Fed. R. Civ. P. 8. Although as a pro se party Jackson is accorded leniency as it pertains to the pleading standards, these pleading defects render the entirety of Jackson's amended complaint inadequate. *See, e.g.*, *Anderson v. Sixth Judicial Dist. Court*, 521 F.2d 420, 420-21 (8th Cir. 1975) (determining that a pro se complaint, even liberally construed, must satisfy the

pleading requirements to state a claim); *Martin v. Benson*, 827 F. Supp. 2d 1022, 1025 (D. Minn. 2011) (same). None of Jackson's objections undermines the soundness of the R&R's conclusions or remedies the amended complaint's deficiencies. For these reasons, Jackson's objections to the R&R are overruled and the Court need not address the R&R's alternative analyses of Jackson's claims.

The R&R also recommends that the Court dismiss the amended complaint *with prejudice*. A party's persistent failure to comply with Federal Rule of Civil Procedure 8(a) may justify dismissal with prejudice. *Michaelis v. Neb. State Bar Ass'n*, 717 F.2d 437, 438-39 (8th Cir. 1983). Here, as thoroughly addressed in the R&R and despite prior notice, Jackson repeatedly failed to remedy deficiencies in his motions and pleadings—opting instead for longer, more convoluted filings. This is Jackson's *fourth* attempt at pleading the merits of this specific cause of action. And Jackson's failure to comply with the Federal Rules of Civil Procedure is not an isolated incident. Because Jackson has a history of filing claims that fail to state a basis for relief, Jackson already is restricted by the Prison Litigation Reform Act from pursuing certain federal claims. *See* 28 U.S.C. § 1915(g). For these reasons, Jackson's amended complaint is dismissed with prejudice, and Jackson's motions to amend his complaint are denied as moot.

**ORDER**

Based on the foregoing analysis, the R&R, and the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. Jackson's objections to the R&R, (Dkt. 109), are **OVERRULED**;

2. The April 2, 2018 R&R, (Dkt. 108), is **ADOPTED** as addressed herein;

3. Defendants' motions to dismiss, (Dkts. 36, 45, 52, 58, 64), are **GRANTED**;

4. Jackson's amended complaint, (Dkt. 22), is **DISMISSED WITH PREJUDICE**;

5. Jackson's motions for other relief, (Dkts. 82, 102, 104), are **DENIED AS MOOT**;

6. Jackson's motions for injunctive relief, (Dkts. 23, 24, 70, 93), are **DENIED AS MOOT**;

7. Jackson's motions to amend his complaint, (Dkts. 114, 118, 122) are **DENIED AS MOOT**.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: August 3, 2018
s/Wilhelmina M. Wright
Wilhelmina M. Wright
United States District Judge